```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Julia Scott,

                    Plaintiff,              CV-05-5338 (CPS)

         - against -                        MEMORANDUM
                                            OPINION AND ORDER
Enhanced Recovery Corporation,

                    Defendant.

----------------------------------------X
```
SIFTON, Senior Judge.

Plaintiff, Julia Scott, brings the following action against defendant, Enhanced Recovery Corporation, alleging that it failed effectively to provide her with debt validation notice as required by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1693, et seq. Presently before the Court is defendant's motion to dismiss the Amended Complaint. For the reasons set forth below the motion is denied.

## BACKGROUND

The following facts are taken from the Amended Complaint and the original of the notice attached thereto.

Plaintiff, Julia Scott, is a citizen of the State of New York. Defendant, Enhanced Recovery Corporation, is a Delaware Corporation which is engaged in the business of collecting consumer debts.

On July 15, 2005 defendant sent plaintiff a collection letter seeking to collect a balance allegedly owed to Merrick

Bank Corporation.

The front page of the letter stated "RESOLVE YOUR DELINQUENCY WITH THIS SETTLEMENT OFFER." The letter went on to explain that Enhanced Recovery Corporation was authorized to settle plaintiff's delinquent $1523.81 debt for $1066.67. Plaintiff was informed that "[i]n order to take advantage of this offer" she could remit a check or money order in an enclosed envelope or could pay online by check or credit card. If she wished to settle the debt she was told that she should "please remit by" July 30, 2005.

Just below the settlement offer, in bold print and capital letters, the letter stated, **"NOTICE: SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS."**

According to the plaintiff, the reverse side of the letter was printed in light grey ink which was difficult or impossible to read. The defendant maintains that the print, while light grey, was clearly legible.

The reverse side of the letter contained the validation notice. More specifically, it provided in legible, but lighter grey capitalized type as follows:

PURSUANT TO 15 U.S.C. §1692g(a) TAKE NOTICE THAT:

1. THE AMOUNT OF THE CLAIMED DEBT IS THE AMOUNT STATED IN THE LETTER ON THE REVERSE SIDE OF THIS NOTICE.

2. THE NAME OF THE CREDITOR TO WHOM THE DEBT IS OWED IS IN THE LETTER ON THE REVERSE SIDE OF THIS NOTICE.

3. UNLESS YOU DISPUTE THE VALIDITY OF THE DEBT, OR ANY
PORTION THEREOF, WITHIN THIRTY (30) DAYS AFTER YOUR
RECEIPT OF THIS NOTICE THE DEBT WILL BE ASSUMED TO BE
VALID BY US.

4. IF YOU NOTIFY OUR OFFICE BELOW IN WRITING WITHIN
THIRTY (30) DAYS OF YOUR RECEIPT OF THIS NOTICE THAT
THE DEBT, OR ANY PORTION THEREOF IS DISPUTED, WE WILL
OBTAIN VERIFICATION OF THE DEBT OR A COPY OF ANY
JUDGMENT THAT MAY BE OF RECORD AGAINST YOU. WE WILL
MAIL THE VERIFICATION OR COPY OF THE JUDGMENT TO YOU.

5. UPON YOUR WRITTEN REQUEST TO THE OFFICE BELOW WITHIN
THIRTY (30) DAYS OF YOUR RECEIPT OF THIS NOTICE, WE
WILL PROVIDE YOU WITH THE NAME AND THE ADDRESS OF THE
ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT
CREDITOR LISTED ON THE REVERSE SIDE OF THIS NOTICE.

The reverse side of the letter also contained various disclosures addressed to residents of Tennessee, Colorado, New York, Wisconsin, North Carolina, Minnesota, California, Utah, and Massachusetts.

The subsection titled New York State residents contained defendant's New York City Department of Consumer Affairs License Number, 114289. Following the license number the location of defendant's office, "JACKSONVILLE FL" was mistakenly printed.[1]

The California subsection provides as follows:

**CALIFORNIA RESIDENTS**

1. THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES
ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
REQUIRE THAT EXCEPT UNDER UNUSUAL CIRCUMSTANCES
COLLECTORS MAY NOT CONTACT YOU BEFORE 8 AM OR AFTER 9

---

[1] Plaintiff does not allege that the typographical or proofreading errors in the New York subsection constitute a violation of FDCPA. Rather, plaintiff maintains that these inaccuracies demonstrate that the defendant has not carefully considered the print quality of the letter and does not wish to set forth obligatory rights in a meaningful fashion.

PM. THEY MAY NOT HARASS YOU BY USING THREATS OF
VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE.
COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS
OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW
THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR
THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON,
OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT.
COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR
LOCATION OR ENFORCE A JUDGMENT. FOR MORE INFORMATION
ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE
FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.

2. AS REQUIRED BY LAW, YOU ARE HEREBY NOTIFIED THAT A
NEGATIVE CREDIT REPORT REFLECTING YOUR CREDIT RECORD
MAY BE SUBMITTED TO A CREDIT REPORTING AGENCY IF YOU
FAIL TO FULFILL THE TERMS OF YOUR CREDIT OBLIGATIONS.

The Massachusetts subsection provides:

**MASSACHUSETTS RESIDENTS:**

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST
THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO
YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST
WILL BE VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE
WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR
DELIVERED WITHIN SEVEN (7) DAYS OF SUCH REQUEST. YOU
MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT
COLLECTOR. IF YOU WISH TO DISCUSS THIS MATTER, PLEASE
CALL US DIRECT, BETWEEN THE HOURS OF 9 AM AND 5 PM EST,
AT THE TELEPHONE NUMBER LISTED ON THE FRONT OF THIS
NOTICE. LOCAL ADDRESS 49 WINTER STREET, WEYMOUTH, MA
02118.

Plaintiff maintains and defendant does not dispute that the rights disclosed in these two subsections are rights to which all consumers, not just those located in Massachusetts and California, are entitled.

DISCUSSION

Defendant seeks dismissal of plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted

pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion pursuant to Rule 12(b)(6), a court should construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)(citing *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001)), although "mere conclusions of law or unwarranted deductions" need not be accepted. *First Nationwide Bank v. Helt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994). Dismissal is appropriate only when it "appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan*, 235 F.3d 80,83 (2d Cir. 2000). A Court is permitted to take into account documents attached to or incorporated in the complaint. *Colmas v. Harsett*, 886 F.2d 8,13 (2d Cir. 1989).[2]

The FDCPA was enacted "to protect consumers from unscrupulous debt collection practices . . . without imposing unnecessary restrictions on ethical debt collectors." In particular, the legislation was intended "to eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 382, 95th Cong., 1st Sess. 1-2, *reprinted in* 1977 U.S.Code Cong. & Admin.News 1695, 1696. See also, 15 U.S.C. §

---

[2] A copy of the collection letter was attached to the Amended Complaint.

1692(a)-(e) (legislative purpose is to eliminate abusive, deceptive and unfair debt collection practices including misrepresentation). Accordingly, pursuant to 15 U.S.C. § 1692g(a) when a debt collector[3] collects on consumer debt, the FDCPA requires it to send the consumer[4] a detailed validation notice within five days of the initial communication. 15 U.S.C. § 1692g(a). This notice must include (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against

---

[3] 15 U.S.C. 1692a(6) defines debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." It is undisputed that under this definition the defendant is a debt collector and is thus subject to the FDCPA.

[4] 15 U.S.C. 1692a(3) defines consumer as "any natural person obligated or allegedly obligated to pay any debt." It is undisputed that under this definition the plaintiff is a consumer and is accordingly entitled to the protections of the FDCPA.

the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

However, it is not sufficient for a letter to merely recite the necessary information, it must also convey that information "clearly and effectively" so that "the least sophisticated consumer [will not be] uncertain as to her rights." *Savino v. Computuer Credit Inc.,* 164 F.3d 81, 85 (2d Cir. 1996); see also *DeSantis v. Computer Credit, Inc.,* 269 F.3d 159, 161 (2d Cir. 2001) ("Even if a debt collector conveys the required information, the collector nonetheless violates the [FDCPA} if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty."). However, "in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." *Clomon v. Jackson,* 988 F.2d 1314, 1319 (2d Cir. 1993).

Plaintiff argues that the validation notice fails to convey the required information in a clear and effective manner because (1) the validation notice is printed in light grey ink on the reverse of the notice, as opposed to the darker ink used on the front; (2) the two week deadline for accepting the settlement

offer effectively undercuts the plaintiff's statutory right to dispute the debt within 30 days after receipt of the collection letter; and (3) the state specific California and Massachusetts subsections mislead New York consumers to believe that the rights discussed in those sections are only available to residents of those states.

Use of Grey Ink

The use of light ink may violate §1692g either because it renders the document unreadable, or because the use of light ink on the reverse encourages the least sophisticated consumer to believe that the boiler plate is unimportant and thus discourages him or her from reading it. *Rabideauv v. Mgmt. Adjustment Bureau*, 805 F.Supp. 1086, 1093 (W.D.N.Y. 1992)(where notice was "printed in a light grey ink on a light grey shade of grey computer paper, making it difficult to read" defendant failed to fulfill its notice obligations); *see also Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996)("the required disclosures may not be placed in minute or unreadable type).

However, this issue cannot be resolved by reference to a xerox copy of the validation notice or by examination of the original notice. Whether or not the grey ink of the validation notice is legible and whether or not it is so light that it signals the consumer that he or she should not bother reading it, is not a legal issue but a factual matter to be determined by the

fact finder. *see Vaughn v. CSC Credit Services*, 1994 WL 449247 (N.D.Ill. Mar. 1, 1994)("Whether the ink used by CSC makes the notice difficult or impossible to read is a genuine issue of material fact.").

<u>Two Week Settlement Deadline and State Specific Subsections</u>

Whether the two week settlement deadline or the state specific subsections were misleading also involve factual issues not resolvable on a Rule 12(b)(6) motion.

## CONCLUSION

For the reasons set forth above the defendant's motion to dismiss is denied and the plaintiff is directed to seek certification promptly.

The Clerk is directed to transmit a filed copy of the within to the parties and the Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York

          May 31, 2006

                By: <u>/s/ Charles P. Sifton (electronically signed)</u>
                    United States District Judge